## LEISGANG v CINCINNATI (city)

Ohio Appeals, 1st Dist, Hamilton Co

No 5260. Decided Nov 8, 1937

B. Wm. Heidkamp, Cincinnati, and Hauer & Topmoeller, Cincinnati, for appellant.

John D. Ellis, Cincinnati, and J. B. Grause, Jr., Cincinnati, for appellee.

### OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton Coun-

ty, wherein that court affirmed a judgment of the Municipal Court of Cincinnati, in favor of the defendant in such trial court.

The plaintiff in the Municipal Court of Cincinnati filed an amended bill of particulars, in which it was alleged that a truck owned and operated by the plaintiff was damaged through the negligence of an agent and employee of the City of Cincinnati, who "with wanton disregard of his duties as a police officer" drove an automobile at an excessive and unlawful rate of speed, that by the ordinances of the City of Cincinnati, then in force, the city assumed liability for the "negligent acts of its officers and employees in the maintenance and operation of city-owned vehicles arising out of and in the course of their employment."

It is further alleged that the collision took place "on the south side of the Cincinnati-Louisville Pike, Ohio State Road No. ... in Green Township, Hamilton County, Ohio, approximately 1000 feet west of Power Road," which point the Municipal Court and all reviewing courts will take judicial notice is outside the limits of the City of Cincinnati.

It is further alleged that the city vehicle operated by a city employee, who was a member of the Cincinnati Police Department, and under the directions of the Chief of Division of Police, was being operated by such employee "in the course of his employment."

No statement appears in the amended bill of particulars accounting for the presence of such employee outside the city limits, except possibly the statement that he was driving such automobile in "wanton disregard of his duties as a police officer."

The demurrer to the reply searches the entire record and subjects the amended bill of particulars to attack ██ as well as all succeeding pleadings in its search for the first defective pleading.

It seems obvious to us that the police officer was not acting upon city business, either governmental or otherwise. At least there is no allegation to the effect that he was acting upon purely city business and it is difficult for us to conceive a mission of the police officer outside the city limits which would be strictly confined to such business.

Such being the case, he must have been performing the duties of a state police officer in the service of the **Headnote 2.** public at large and the case of **Aldrich v City of Youngs-**

town, **106 Oh St 342**, becomes directly decisive against any liability, since the officer of the time in question was not in effect an employee of the city.

Ordinances assuming liability for the acts of the employees of the city, upon which the plaintiff relies █ have no effect to create responsibility except for officers or employees performing duties for the city.

We quote from the syllabus and opinion of the Youngstown case.

"1. The creation and maintenance of a police department by a municipality are done in the exercise of its governmental functions. The performance of an act by an official of such department is not the performance of a ministerial act for which a municipality becomes liable under the maxim, respondeat superior.

"2. A municipal corporation is not, in the absence of a statutory provision, liable in damages to one injured for the negligent acts of its police department, or any of its members."

" 'A municipal corporation can under ordinary conditions incur no liability by reason of the defaults of its police department. The prevention of crime is a purely governmental function, undertaken for the benefit of the public at large, and. if police officers are appointed and paid by the various municipalities, this is done merely as a matter of convenient administration. Their duties are ordinarily prescribed by law, and they are public officers and not the servants or agents of the city or town in which they serve." 19 Ruling Case Law, 1119, §399."
"* * *

"This court held in **Randebaugh v State, 96 Oh St 513**, that under the last clause of **§16, Article I of the Ohio Constitution,** 'statutory authority is required as a prerequisite to the bringing of suits against the state.' But its subdivisions exercising governmental functions in its behalf should not be suable unless the legislature has expressly provided therefor. Supporting this principle by a large number of authorities cited in its behalf is the following from 2 Sherman & Redfield Law of Negligence (6 ed.), §253:

" 'We confine ourselves here to the consideration of the extent of the liability to private actions of that large class of local corporations generally denominated municipal corporations, such as cities, towns. counties, school districts, etc., to which, for ad-

ministrative purposes, the state delegates portions of its sovereign powers to be exercised within particular sections of its territory, for certain public purposes. To the extent that such local or special organizations possess and exercise governmental powers, they are, as it were, departments of state; and as such, in the absence of any statute to the contrary, they have the privilege and immunity of the State; they partake of the state's prerogative of sovereignty, in that they are exempt from private prosecution for the consequences of their exercising or neglecting to exercise the governmental powers they possess. **Their delegated duties are regarded as due to the public, not to individuals; their officers are not agents of the corporation, but of 'the greater public,' the state.** * * * This is nothing more than an application and proper extension of the rule that the State is not liable for the misfeasance of its officers'." (Emphasis ours).

Our conclusion therefore is that the judgment of the Court of Common Pleas is affirmed.

MATTHEWS and HAMILTON, JJ, concur.